UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

DAWN MARIE DAVIDE and
CHRISTOPHER LEE LUTTRELL,

No. 16-12689-t7

Debtors.

**OPINION**

Before the Court is the Debtors' motion to reconsider an order approving their counsel's final fee application. The Debtors are proceeding pro se. Having reviewed the docket in this case, the motion to reconsider, and the applicable law, the Court finds and concludes that the motion must be denied.

I. FACTS

The Court finds the following facts:[1]

On October 31, 2016, the Debtors filed this case as a voluntary chapter 11 case. On the same day, they filed an Application to Employ William F. Davis & Assoc. P.C. (the "Davis Firm") as their counsel. Attached to the application was a retainer agreement signed by the Davis Firm and both Debtors. The Court entered a stipulated order approving the employment application on March 9, 2017.[2]

---

[1] In making its findings, the Court took judicial notice of the docket in Debtors' main bankruptcy case. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (same). The court also took judicial notice of a relevant state court docket for a very limited purpose.

[2] The United States Trustee's office filed a limited objection to the employment application. Its objections were resolved by the stipulated order.

Debtors filed their bankruptcy schedules on the petition date. Debtors disclosed on Schedule B a "PERA Account in name of Joint Debtor (approximately $100,000 not part of estate under 11 USC section 541(b)(7))" (the "PERA Account"). They claimed the PERA Account as exempt under § 522(d)(10)(E). Debtors also made the following disclosure on Schedule A/B, paragraph 33:

> Claim against Linda P. Gallegos for recovery of avoidable transfer of Lots 2, 7, 15, 16, 17, and 18 in Block 128 Unit 13, Lots 3, 12, and 14 in Block 130 Unit 13, Lot in Block 131 Unit 13, and Lot 38 in Block 90 of Unit 25 in Rio Rancho Estates, Sandoval County, New Mexico

There is a similar disclosure in Debtors' Statement of Financial Affairs, paragraph 18.

Debtors filed a plan of reorganization and a draft disclosure statement on May 30, 2017. The disclosure statement was never approved. In the face of an upcoming final hearing on a motion to dismiss or convert the case, on January 24, 2018, the Debtors stipulated to conversion of the case to chapter 7.

The day before conversion, the Davis Firm moved to withdraw as counsel, "because movant cannot reliably communicate with Debtors and because Debtors do not reliably remunerate Movant for Movant's services." Ms. Davide objected to the motion to withdraw on February 7, 2018, saying:

> I am extremely upset to find out after significant cost I paid to the Davis law firm, I have been converted into a Chapter 7 with Davis consent and without my understanding, and over my objection, and then fired from the firm. . . . . We have never submitted my plan that I believe would be approved by both the US Trustee and the Creditors. I have never been through this process and feel I need counsel to help me make the best decisions. I am asking the court not to allow the Davis firm to take my money, convert me into a situation I do not understand nor have I agreed to and then abandon me.

Despite this objection, the Court entered an order granting the motion to withdraw on March 7, 2018.

On April 11, 2018, the Davis Firm filed its final fee application, seeking allowance of $132,181.37 in fees, expenses, and taxes (the "Fee Application"). The United States Trustee's office filed a limited objection on May 2, 2018. No other objections were filed.

The Davis Firm resolved the U.S. Trustee's objection to the fee application. On July 18, 2018, the Davis Firm submitted, and the Court entered, an agreed order allowing fees, expenses, and tax of $125,708.87 (the "Fee Order").

On August 30, 2018, the Court Clerk's office issued a transcript of judgment relating to the Fee Order, in the amount of $110,591.88.[3]

On September 7, 2018, Attorneys filed a Petition to Domesticate Foreign Judgment in New Mexico's Thirteenth Judicial District Court, captioned *William F. Davis & Assoc., P.C. v. Dawn Marie Davide and Christopher Lee Luttrell*, no. D-1329-CV-2018-01956. On the same day the state court clerk's office issued two "Notices of Filing of Foreign Judgment," one directed to Ms. Davide and one directed to Mr. Luttrell.

On September 12, 2018, Ms. Davide filed a Request to Reconsider Order Granting Application for Compensation. In the request she alleged, inter alia:

> As evidence of Christopher's non involvement with the case, Christopher did not sign either Retainer agreement dated 7/20/16. My husband was not a contributing party or in attendance but for the exception of one court appearance. Any and all forms signed by Christopher were signed under the recommendations and direction of William Davis himself. I am asking the court to please release my husband of any liability associated with Dawn Marie Davide as described in the judgment Case No-16-12689-t7.

The Davis Firm responded on September 28, 2018. The Court held a preliminary hearing on the motion on October 15, 2018 and issued an order resulting therefrom, giving Debtors until

---

[3] Debtors had paid the Davis Firm $15,116.99 post-petition, leaving an unpaid balance of allowed fees, expenses, and taxes of $110,591.88.

October 25, 2018 to supplement the motion. The Court asked Debtor to focus on Rule[4] 60(b) in their amended motion.

On October 24, 2018, Debtors filed a second motion to reconsider the Fee Order, arguing:

- William Davis charged an exorbitant amount of money to Dawn Davide to represent her in the bankruptcy case totaling more than $150,000;

- William Davis advised that Christopher Luttrell, Dawns husband, to be a part of the bankruptcy case;

- William Davis knew that the most debt associated with the bankruptcy was acquired by Dawn Davide prior to her marriage to Chris Luttrell;

- William Davis did not ask that Chris Luttrell sign a waiver or notify him that his retirement would be in jeopardy in any way is he was to be a party to the bankruptcy case;

- William Davis did not file an exemption for Chris Luttrell's PERA retirement fund, although he had knowledge of its existence and amount of the account;

- While Chris Luttrell signed a Debtor's Voluntary Debt, he was advised to do so, by Mr. William Davis, who also did not explain that his PERA retirement account would be a community asset that creditor could collect or pursue for payment. Mr. Davis instead retained the PERA Retirement account with the intent to preserve the asset for himself to be collected by him at a later date;

- Mr. Davis also retained a lot located in Rio Rancho and did not list it as an asset to pay off creditors but again with the intent to preserve the asset for himself to be collected by him at a later date; and

- Because of the negligence by Mr. Davis, Dawn Davide and Christopher Luttrell will be filing a malpractice suite [sic] against Mr. Davis and the William F. David and Assoc. P.C. Legal Practice as his misleading advice and representation have brought significant harm and undo suffering to the us, Dawn Davide and Christopher Luttrell."

On October 29, 2018, the Davis Firm responded to the second motion, arguing that the Court does not have jurisdiction to reconsider any actions taken in state court; that Debtors may

---

[4] A "Rule" means the Federal Rules of Civil Procedure.

not collaterally attack any state court rulings; that there are no grounds to set aside the Fee Order under Rule 60(b); and that the allegations in the second motion are verifiably wrong.

## II. DISCUSSION

### A. The Fee Order is a Final Order.

The Fee Order is a final order because it "disposes of all issues on the merits and leaves nothing for the court to do but execute the judgment." *Webb v. Scott*, 2016 WL 9414110, at *1 (10th Cir.) (citing *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988)); *In re Hall*, 2010 WL 2079530, at *1 (D. Kan.) (same); *In re Salazar*, 2016 WL 7377043, at *2 (Bankr. D.N.M.) (citing *Hall*). Interim fee orders, in contrast, are interlocutory, rather than final. *See, e.g., In re Fairway Missionary Baptist Church*, 131 B.R. 407, 408 (Bankr. W.D. Tenn. 1991) (interim fee award did not "rise to the dignity or level of a money judgment"); *In re Gibson*, 2010 WL 744573, at *10 (Bankr. C.D. Ill.) (agreeing with *Fairway Missionary* that interim fee orders are not money judgments); *In re Salazar*, 2016 WL 7377043, at *2 (citing *Fairway and Gibson*).

The Fee Order is a judgment against the Debtors for the unpaid amount of allowed fees. *See, e.g., Salazar*, 2016 WL 7377043, at *2 (Bankr. D.N.M.), citing *In re Sweports*, 777 F.3d 364, 367 (7th Cir. 2015) (characterizing a bankruptcy court order approving fees as a judgment).

### B. Motions to Reconsider.

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy recognizes motions for "reconsideration." *In re Sandia Resorts, Inc.*, 2016 WL 3150998, at *4 (Bankr. D.N.M.)*; Hatfield v. Board of Cnty. Comm'rs for Converse Cnty.,* 52 F.3d 858, 861 (10th Cir. 1995) ("The Federal Rules of Civil Procedure recognize no 'motion for reconsideration.'") (citing *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991)). Most courts therefore

treat motions to reconsider as motions to amend a judgment or final order (Rule 59) or for relief from a judgment or final order (Rule 60).[5]

The timing of a motion to reconsider will determine whether it will be considered under Rule 59 or Rule 60. *In re Sandia Resorts, Inc.*, 2016 WL 3150998, at *4. *See also Hatfield,* 52 F.3d at 861:

> if the motion is filed within ten [now 14] days of the ... entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e)" but "if the motion is filed more than ten [now 14] days after the entry of judgment, it is considered as a motion seeking relief from the judgment under Fed.R.Civ.P. 60(b).

(citation omitted).

Here, Debtors filed their initial motion to reconsider 56 days after entry of the Fee Order. Therefore, the Court will consider the motion under Rule 60, i.e., a motion seeking relief from a final judgment or order.

C.  Grounds for Relief from a Final Order.

Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

---

[5] Applications for allowance of professional fees are contested matters. *See* Fed. R. Bankr. P. 9014(a). In contested matters, Rule 59 is incorporated by Fed. R. Bankr. P. 9023, while Rule 60(b) is incorporated by Fed. R. Bankr. P. 9024.

D.  Rule 60(b)(3) and 60(b)(6).

Although the Court asked Debtors to supplement their motion and refer specifically to Rule 60(b), they did not. The Court is left to attempt to determine what portions of Rule 60(b) might apply, if any. Debtors do not appear to argue for relief under 60(b)(1) (mistake; excusable neglect); (2) (newly discovered evidence); (4) (the judgment is void), or (5) (judgment has been satisfied). That leaves Rule 60(b)(3) and 60(b)(6).

1.  Rule 60(b)(3). Under Rule 60(b)(3), a party can obtain "relief from a judgment obtained by fraud, misrepresentation, or other misconduct of an adverse party." 11 Wright & Miller, Federal Practice & Procedure § 2860 (2012). The fraud must have prevented the moving party from fully and fairly presenting his or her case to the Court. *See Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC*, 832 F.3d 50, 63 (1st Cir. 2016); *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995); *Square Const. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). The burden of proof is on the moving party, *Abel v. Tinsley*, 338 F. 2d 514 (10th Cir. 1964), and the fraud or misconduct must be proved by clear and convincing evidence. *Wilkin v. Sunbeam Corp.*, 466 F.2d 714 (10th Cir. 1972).

Here, Debtors allege that the Davis Firm was negligent in conducting their chapter 11 case, and that the Davis Firm improperly omitted assets from Debtors' bankruptcy schedules so it could later collect its fees from the assets. These allegations can fairly be read as "misconduct." However, it is not the type of misconduct for which Rule 60(b)(3) allows relief, because it had nothing to do with entry of the Fee Order. An allegation that the Davis Firm mislead Debtors about the Fee Application or Fee Order might come within Rule 60(b)(3); the allegations in the motion to reconsider, on the other hand, relate solely to handling the chapter 11 case. Rule 60(b)(3) is not relevant to that type of allegation.

Debtors had the opportunity to object to the Fee Application but did not do so. None of the alleged misconduct prevented Debtors from filing such an objection.

Further, some of Debtors' key allegations are not supported by the facts in the record. For example, Debtors claim that the Davis Firm did not "file an exemption for Chris Luttrell's PERA retirement fund." That is incorrect. Debtors' Schedule C includes the PERA Account as one of the exempt assets. Thus, the allegation that "Mr. Davis instead retained the PERA Retirement account with the intent to preserve asset for himself to be collected by him at a later date" is false.

Similarly, the allegation that "Mr. Davis also retained a lot located in Rio Rancho and did not list it as an asset to pay off creditors but again with the intent to preserve the asset for himself to be collected by him at a later date" does not appear to be accurate. Debtors' Statement of Financial Affairs, paragraph 18, discloses pre-petition transfers of 12 Rio Rancho lots. Debtors' Schedule A/B, paragraph 33, contains a similar disclosure. The Court is not aware of any additional Rio Rancho property.

In sum, the Court concludes that Debtors' amended motion to reconsider does not state a claim for relief under Rule 60(b)(3).

2.  Rule 60(b)(6). Rule 60(b)(6) allows a court to grant relief from a final judgment or order for "any other reason that justifies relief." It has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (internal quotation marks omitted), *cert. denied,* 423 U.S. 1079 (1976).

Relief under Rule 60(b)(6) cannot be given for one of the grounds enumerated in Rules 60(b)(1)-(5). *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Further, if relief could have been obtained under Rule 60(b)(1)-(5) had the motion been filed within a year, it will not be available

under Rule 60(b)(6) if filed after more than a year. *Lyon v. Agusta S.P.A.,* 252 F.3d 1078, 1088–89 (9th Cir. 2001); *Brandon v. Chicago Bd. of Education,* 143 F.3d 293, 295–96 (7th Cir. 1998).

> Examples where courts apply rule 60(b)(6) include "settlement agreements when one party fails to comply" and courts use the rule "to return the parties to the status quo," or in cases where fraud is used by a "party's own counsel, by a codefendant, or by a third-party witness," which does not fit within rule 60(b)(3)'s provision for fraud by an adverse party. Wright & Miller, *supra*, § 2864, at 485, 487. The most common application is to grant relief "when the losing party fails to receive notice of the entry of judgment in time to file an appeal." Wright & Miller, *supra*, § 2864, at 488.

*Dogs Deserve Better, Inc. v. New Mexico Dogs Deserve Better, Inc.*, 2016 WL 6396392, at *20–21 (D.N.M. 2016).

In general, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996), citing *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 729 (10th Cir. 1993). Relief under 60(b)(6) is appropriate only when "circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief. *Cashner v. Freedom Stores*, 98 F.3d at 580; *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990) ("A court will only award Rule 60(b)(6) relief in extraordinary cases.").

Here, the circumstances do not justify relief under Rule 60(b)(6), nor is justice offended by the denial of such relief. To the extent the Debtors sought relief under Rule 60(b)(6) by their motion to reconsider, the request must be denied.[6]

---

[6] It is not before the Court, and the Court will not rule on, whether Debtors' alleged claim for malpractice is foreclosed by the Fee Order. Compare *Potter v. Pierce*, 342 P.3d 54 (N.M. 2015), with *In re Aquatic Pools, Inc.*, 2018 WL 3013277, at *7 (Bankr. D.N.M.).

### III. CONCLUSION

Debtors are unhappy with the representation they received from their bankruptcy counsel. They did not object to the counsel's fee application, however, and the Court approved it in July 2018. Apparently after realizing that entry of a final order approving fees is tantamount to a money judgment, Debtor moved to set aside the fee order. By then, the order approving fees was final, so Debtors had to come within Rule 60(b) to obtain relief. They did not do so. Consequently, the Court will deny their motion to reconsider. A separate order will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: December 21, 2018

Copies to: Counsel of record

Dawn Marie Davide
Christopher Lee Luttrell
10126 Coors Blvd NW
Albuquerque, NM 87114